**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVELYN RODRIGUEZ, | No. 23-15606 |
| Plaintiff-Appellant, | D.C. No. 4:21-cv-00473-JGZ-BGM |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted April 3, 2024**
Phoenix, Arizona

Before: HAWKINS, BYBEE, and BADE, Circuit Judges.

Evelyn Rodriguez appeals the district court decision affirming the Social

Security Commissioner's denial of her disability benefits application under Title II

of the Social Security Act.  We have jurisdiction under 28 U.S.C. § 1291 and review

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the district court's decision de novo. *Miskey v. Kijakazi*, 33 F.4th 565, 570 (9th Cir. 2022). We must affirm if the Commissioner's disability determination is "supported by substantial evidence" and "free of legal error." *Shaibi v. Berryhill*, 883 F.3d 1102, 1106 (9th Cir. 2017).

Rodriguez argues that the administrative law judge ("ALJ"): (1) improperly discounted the credibility of her symptom testimony; (2) erroneously concluded her medical impairments did not satisfy the "Paragraph C" requirements under 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00A(2)(c); (3) falsely conflated medical and agency terminology during his residual functional capacity ("RFC") assessment; and (4) improperly credited the testimony of a non-treating physician over the testimony of a treating nurse practitioner. For the reasons below, these arguments fail, and we affirm.

1.      *Credibility.*   Rodriguez first argues that the ALJ's reasons for discrediting her symptom testimony did not "rationally relate" to the disability factors listed in 20 C.F.R. § 404.1529(c)(3). Generally, an "ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Here, the ALJ clearly and convincingly explained that Rodriguez's symptom testimony failed to support the relevant disability factors because it was inconsistent with other evidence. *Cf. id*. at 1284 (noting that a claimant's symptom

testimony must be considered in light of the overall record). Throughout his Paragraph B analysis, the ALJ listed each disability factor, identified Rodriguez's relevant symptom testimony, and then described record evidence supporting and undermining her testimony before determining her functional limitations. For example, when considering Rodriguez's limitations with "concentrating, persisting, or maintaining pace," the ALJ noted, "The claimant alleges difficulty with concentration. She was unsure how long she could pay attention. A consultative examiner found no evidence of impairment in this domain."

Thus, the ALJ adequately explained (and reasonably concluded) that Rodriguez's symptoms did not satisfy the disability factors under 20 C.F.R. § 404.1529(c)(3).

2. *Paragraph C.* Rodriguez next argues that the ALJ's Paragraph C analysis was unsupported by substantial evidence. "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (quoting *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir.1995)). Some specific findings in the Paragraph C analysis do not reasonably support the ALJ's conclusion that Rodriguez's impairments were not "serious and persistent." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00A(2)(c). For example, Rodriguez's ability to cook and her church attendance do not undermine

her "marginal adjustment," i.e., her minimal capacity to handle changes that are not already part of her daily life. *See id*. § 12.00G(2)(c).

However, the Paragraph C analysis did not rest on these findings alone. The ALJ also expressly incorporated "the record review" and medical expert testimony thoroughly outlined elsewhere in the decision, both of which support his Paragraph C determination. *See Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) ("[W]e must consider the entire record as a whole[.]" (first alteration in original) (citation omitted)). For example, the ALJ carefully noted that Rodriguez periodically declined therapy and failed to take her medications, which suggests she was not receiving "ongoing" medical care as required under C1. *See Kitchen v. Kijakazi*, 82 F.4th 732, 741 (9th Cir. 2023) (finding C1 "is satisfied when the evidence shows that [the claimant] rel[ies], on an ongoing basis, upon medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s), to diminish the symptoms and signs of [his] mental disorder." (alterations in original) (quoting 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00G(2)(b))). Additionally, the ALJ outlined testimony from Dr. Julian Kivowitz, examiner Gwendolyn Johnson, and state officials, suggesting that Rodriguez's symptoms were manageable, which supports his finding that Rodriguez could not show marginal adjustment under C2. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00G(2)(c).

Thus, the ALJ's Paragraph C determination was supported by substantial evidence.

3. *Residual Functional Capacity.* The ALJ determined that Rodriguez "has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she is capable of performing simple routine tasks with no more than occasional interaction with coworkers, supervisors, and the public." Rodriguez unsuccessfully attacks this RFC determination on two bases.

First, she claims the ALJ never explained why he believed Rodriguez's limitations would be accommodated in the workplace. But the ALJ clearly explained that, based on the vocational expert's testimony, work as an office helper would accommodate Rodriguez's limitations. The ALJ's conclusion was supported by substantial evidence.

Second, Rodriguez claims that the ALJ erroneously conflated "moderate" medical symptoms and "moderate" regulatory limitations. Even accepting this argument, the RFC determination was independently supported by other substantial evidence, and thus, any error was harmless. *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (noting that error is harmless when it is "inconsequential to the ultimate nondisability determination" (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015))). The RFC analysis thoroughly described medical records

5

from 2015 to 2021, which strongly suggest that Rodriguez's conditions were manageable with medication and treatment. Most of this analysis did not turn on the ALJ's use of the word "moderate."

Therefore, notwithstanding any possible error, Rodriguez fails to show the RFC determination was unsupported by substantial evidence.

4. *Expert Testimony.* Finally, Rodriguez argues the ALJ improperly credited Dr. Julian Kivowitz's opinion over the opinion of the nurse practitioner, who had treated Rodriguez. However, the ALJ properly discounted the nurse practitioner's opinion for "germane" reasons, such as its inconsistency with the overall record and her use of fill-in-the-blank forms. *See Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017) ("An ALJ may discount the opinion of an 'other source,' such as a nurse practitioner, if she provides 'reasons germane to each witness for doing so.'") (citation omitted); *Woods v. Kijakazi*, 32 F.4th 785, 794 (9th Cir. 2022) (affirming an ALJ's decision to discount a treating nurse practitioner's opinion where it was drafted on a "fill-in-the-blank questionnaire" and inconsistent with other evidence). Additionally, although Dr. Kivowitz was a non-treating physician, he is a psychologist, and thus, the ALJ appropriately gave his testimony "significant weight." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) ("Greater weight is also given to the 'opinion of a specialist about medical issues related to his or her area of specialty.'" (quoting 20 C.F.R. § 404.1527(c)(5))).

Accordingly, the ALJ's consideration of the expert testimony was not erroneous.

**AFFIRMED.**